1 PHILLIP A. TALBERT
  United States Attorney
2 ADRIAN T. KINSELLA
  Assistant United States Attorney
3 501 I Street, Suite 10-100
  Sacramento, CA 95814
4 Telephone: (916) 554-2700

5 Attorneys for Plaintiff
  United States of America

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,          CASE NO. ~~2:22-CR-0249-TLN~~
                                      2:23-cr-00226 KJM
12                     Plaintiff,     ATK 9/25/23
                                      PLEA AGREEMENT      MJC 9/25/23
13              v.
                                      DATE: SEPTEMBER 25, 2023
14 JEREMY MICHAEL BENNER,             TIME: 9:00 A.M.
                                      COURT: HON. KIMBERLY J. MUELLER
15                     Defendant.

16

17                        I.    **INTRODUCTION**

18      **A.    Scope of Agreement**

19          The information in this case charges the defendant with a violation of 18 U.S.C. § 922(a)(1)(A) –

20 Unlawful Dealing in Firearms Without a License.  This document contains the complete plea agreement

21 between the United States Attorney's Office for the Eastern District of California (the "government")

22 and the defendant regarding this case.  This plea agreement is limited to the United States Attorney's

23 Office for the Eastern District of California and cannot bind any other federal, state, or local

24 prosecuting, administrative, or regulatory authorities.

25      **B.    Court Not a Party**

26          The Court is not a party to this plea agreement.  Sentencing is a matter solely within the

27 discretion of the Court, and the Court may take into consideration any and all facts and circumstances

28 concerning the criminal activities of defendant, including activities that may not have been charged in

PLEA AGREEMENT                         1          UNITED STATES V. JEREMY MICHAEL BENNER

1  the information.  The Court is under no obligation to accept any recommendations made by the

2  government, and the Court may in its discretion impose any sentence it deems appropriate up to and

3  including the statutory maximum stated in this plea agreement.

4       If the Court should impose any sentence up to the maximum established by the statute, the

5  defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all

6  of the obligations under this plea agreement.  The defendant understands that neither the prosecutor,

7  defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will

8  receive.

9  ## II.     DEFENDANT'S OBLIGATIONS

10  ### A.    Guilty Plea

11       The defendant will plead guilty to the sole count of the information.  The defendant agrees that

12  he is in fact guilty of this charge and that the facts set forth in the Factual Basis For Plea attached hereto

13  as Exhibit A are accurate.

14       The defendant agrees that this plea agreement will be filed with the Court and become a part of

15  the record of the case.  The defendant understands and agrees that he will not be allowed to withdraw his

16  plea should the Court not follow the government's sentencing recommendations.

17       The defendant agrees that the statements made by him in signing this Agreement, including the

18  factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by

19  the United States in any subsequent criminal or civil proceedings.  The defendant waives any rights

20  under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of

21  Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement

22  generally.

23  ### B.    Waiver of Indictment

24       The defendant acknowledges that under the United States Constitution he is entitled to be

25  indicted by a grand jury on the charges to which he is pleading guilty and that pursuant to Fed.R.Crim.P.

26  7(b) he agrees to waive any and all rights he has to being prosecuted by way of indictment to the charges

27  set forth in the information.  The defendant agrees that at a time set by the Court, he will sign a written

28  waiver of prosecution by Indictment and consent to proceed by Information rather than by Indictment.

C.    Sentencing Recommendation

The defendant will recommend that the Court impose a sentence of 60 months of incarceration. The defendant may recommend whatever he deems appropriate as to all other aspects of sentencing.

D.    Special Assessment

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary, by participating in the Inmate Financial Responsibility Program.

E.    Defendant's Violation of Plea Agreement or Withdrawal of Plea

If the defendant, violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. One way a defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement. The determination whether the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the

1  previous paragraph.  Any prosecutions that are not time-barred by the applicable statute of limitations as

2  of the date of this plea agreement may be commenced in accordance with this paragraph,

3  notwithstanding the expiration of the statute of limitations between the signing of this plea agreement

4  and the commencement of any such prosecutions.  The defendant agrees not to raise any objections

5  based on the passage of time with respect to such counts including, but not limited to, any statutes of

6  limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth

7  Amendment to any counts that were not time-barred as of the date of this plea agreement.

8      In addition: (1) all statements made by the defendant to the government or other designated law

9  enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal,

10  whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or

11  administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no

12  claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal

13  Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by

14  the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed.

15  By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

16              III.    **THE GOVERNMENT'S OBLIGATIONS**

17      A.    **Dismissals**

18      The government agrees to move, at the time of sentencing, to dismiss without prejudice the count

19  in the pending complaint.  The government also agrees not to reinstate or bring a subsequent indictment

20  based for the crimes alleged in the criminal complaint in Case No. 2:23-mj-00121-CKD, except if this

21  agreement is voided as set forth herein, or as provided in II.D (Defendant's Violation of Plea

22  Agreement), and VII.B (Waiver of Appeal) herein.  If the agreement is voided, the defendant

23  understands the government may exercise its discretion to bring charges for the crimes alleged in the

24  criminal complaint in Case No. 2:23-mj-00121-CKD.

25      B.    **No Additional Charges**

26      In exchange for the defendant's guilty plea, the government agrees not to present charges to the

27  Grand Jury related the drugs and firearms Benner sold to the FBI confidential informant in this case,

28  subject to the conditions set forth in paragraph III.A.  Such charges could include distribution of

PLEA AGREEMENT                              4                    UNITED STATES V. JEREMY MICHAEL BENNER

methamphetamine and cocaine, in violation of 21 U.S.C. § 841(a)(1), and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

**C.    Recommendations**

**1.    Incarceration Range**

The government will recommend that the defendant be sentenced to 60 months of incarceration.

**2.    Supervised Release**

The government will recommend that the defendant be sentenced to a term of supervised release of three years.

**3.    Other Aspects of Sentencing**

The government may recommend whatever it deems appropriate as to all other aspects of sentencing.

**4.    Acceptance of Responsibility**

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

**D.    Use of Information for Sentencing**

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

IV.     ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty:

As to the sole count of the information, unlawful dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A):

1.      That the defendant was willfully engaged in the business of dealing in firearms within the dates specified in the information; and;

2.      That the defendant did not then have a license as a firearms dealer.

The defendant fully understands the nature and elements of the crime charged in the information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

V.      MAXIMUM SENTENCE

A.      Maximum Penalty

The maximum sentence that the Court can impose is five years of incarceration, a fine of $250,000, a three-year period of supervised release and a special assessment of $100.  By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct.  The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty.  The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

B.      Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two years of additional imprisonment.

VI.     SENTENCING DETERMINATION

A.      Statutory Authority

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence.  The defendant understands that the

1  Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the

2  Sentencing Guidelines and must take them into account when determining a final sentence.  The

3  defendant further understands that the Court will consider whether there is a basis for departure from the

4  guideline sentencing range (either above or below the guideline sentencing range) because there exists

5  an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into

6  consideration by the Sentencing Commission in formulating the Guidelines.  The defendant further

7  understands that the Court, after consultation and consideration of the Sentencing Guidelines, must

8  impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

9  VII.     WAIVERS

10  A.     Waiver of Constitutional Rights

11  The defendant understands that by pleading guilty he is waiving the following constitutional

12  rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to

13  be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative

14  defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of

15  conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to

16  testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be

17  compelled to incriminate himself.

18  B.     Waiver of Appeal and Collateral Attack

19  The defendant understands that the law gives the defendant a right to appeal his guilty plea,

20  conviction, and sentence.  The defendant agrees as part of his plea/pleas, however, to give up the right to

21  appeal any aspect of the guilty plea, conviction, or the sentence imposed in this case.  The defendant

22  understands that this waiver includes, but is not limited to, any and all constitutional and/or legal

23  challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which

24  defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts

25  attached to this agreement is insufficient to support the defendant's plea of guilty.  The defendant

26  specifically gives up the right to appeal any order of restitution the Court may impose.

27  Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if

28  one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the

1  statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant

2  understands that these circumstances occur infrequently and that in almost all cases this Agreement

3  constitutes a complete waiver of all appellate rights.

4       In addition, regardless of the sentence the defendant receives, the defendant also gives up any

5  right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any

6  aspect of the guilty plea, conviction, or sentence imposed in this case, except for non-waivable claims.

7       Notwithstanding the agreement in paragraph III.A (Dismissals) above that the government will

8  move to dismiss counts against the defendant, if the defendant ever attempts to vacate his plea, dismiss

9  the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading

10  guilty, the government shall have the rights set forth in paragraph II.D (Defendant's Violation of Plea

11  Agreement) herein.

12                 **VIII.**     **ENTIRE PLEA AGREEMENT**

13       Other than this plea agreement, no agreement, understanding, promise, or condition between the

14  government and the defendant exists, nor will such agreement, understanding, promise, or condition

15  exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and

16  counsel for the United States.

17

18

19

20

21

22

23

24

25                [Signature page follows]

26

27

28

## IX.    APPROVALS AND SIGNATURES

### A.    Defense Counsel

I have read this plea agreement and have discussed it fully with my client.  The plea agreement accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated:  9/12/23

MIA CRAGER
Assistant Federal Defender
Counsel for Defendant

### B.    Defendant

I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case.  No other promises or inducements have been made to me, other than those contained in this plea agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.  Finally, I am satisfied with the representation of my attorney in this case.

Dated:  9/12/2023

JEREMY MICHAEL BENNER,
Defendant

### C.    Attorney for the United States

I accept and agree to this plea agreement on behalf of the government.

Dated:  9/25/2023

PHILLIP A. TALBERT
United States Attorney

By:
ADRIAN T. KINSELLA
Assistant United States Attorney

PLEA AGREEMENT

9

UNITED STATES V. JEREMY MICHAEL BENNER

**EXHIBIT A**

**Factual Basis for Plea**

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

Between September 13, 2022, and on August 9, 2023, the defendant, Jeremy Michael Benner, sold the following firearms and drugs to an FBI confidential informant:

| Date | Contraband | Weight (grams) | Price |
|------|-----------|----------------|-------|
| 9/13/2022 | Powder cocaine | 55.9 | $2,000 |
| 9/27/2022 | ~1,000 pills containing methamphetamine (mixture) | 327 | $1,500 |
| 10/18/2022 | ~2,000 pills containing methamphetamine (mixture) | 661 | $3,000 |
| 10/27/2022 | Non-serialized .223/5.56 caliber AR-15 firearm | N/A | $1,500 |
| 12/7/2022 | ~2,000 pills containing methamphetamine (mixture) | 711 | $3,000 |
| 2/13/2023 | ~2,000 pills containing methamphetamine (mixture) | 722 | $3,000 |
| 3/8/2023 | Powder cocaine | 277 | $7,000 |
| 4/20/2023 | ~2,000 pills containing methamphetamine (mixture) | 729 | $3,000 |
| 4/20/2023 | Ruger .380 firearm bearing serial number 378-11154 | N/A | $800 |
| 4/28/2023 | Non-serialized .223/5.56 caliber AR-15 firearm | N/A | $1,600 |
| 7/13/2023 | Ruger LCR 38 Special firearm bearing serial number 545-81270 | N/A | $650 |
| 8/9/2023 | ~2,000 pills containing methamphetamine (mixture) | 938 | $3,000 |

Additionally, on August 30, 2023, the date of the defendant's arrest in this case, Benner attempted to sell the confidential source one kilogram of cocaine, for $18,000.  Law enforcement seized this cocaine from Benner's distributor. All these transactions occurred in Solano County, in the Eastern District of California.

The Ruger firearm the defendant sold to the confidential informant on July 13, 2023, was previously reported stolen.  Additionally, three of the four firearms Benner sold to the confidential informant also came with extended magazines.

1    As part of this plea agreement, the defendant stipulates he was willfully engaged in the business

2  of dealing in firearms and did not then have a license as a firearms dealer.  He also stipulates that he

3  engaged devoted time, attention, and labor to selling firearms as a trade or business with the intent of

4  making profits through the repeated purchase and sale of firearms.

5    I, JEREMY MICHAEL BENNER, have read the Factual Basis for Plea and agree to the facts

6  and stipulations contained therein.

7

8  Dated:  9/12/2023                                    _____

9                                                        JEREMY MICHAEL BENNER,
                                                        Defendant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT                          A-2        UNITED STATES V. JEREMY MICHAEL BENNER